**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq.
California Bar No. 332334
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARYNE MOSLEY,<br><br>Plaintiff,<br><br>v.<br><br>ONE STOP COLLECTION AGENCY, LLC,<br><br>Defendant. | Case No. 2:21-cv-03286<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

   **NOW COMES** Taryne Mosley ("Plaintiff"), by and through the undersigned counsel, complaining of One Stop Collection Agency, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

   1.    Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

   2.    Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

## PARTIES

4.      Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5.      Defendant is a debt collection agency organized under the laws of the state of California with its principal place of business located at 7190 Sunset Boulevard, Suite 505, Los Angeles, California 90046. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

1.      In late 2020, Plaintiff purchased furniture from Pampa Furniture ("Pampa").

2.      Plaintiff split the cost of the Pampa furniture with a friend who later charged back his portion of the purchase, resulting in an unpaid balance of approximately $1,720 ("subject debt").

3.      In February 2021, Plaintiff tried to work out a payment plan directly with Pampa, but she never heard back.

4.      Subsequently, Plaintiff defaulted on the subject debt.

5.      Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

6.      On or around February 26, 2021, Defendant began placing unsolicited phone calls and text messages to Plaintiff's cellular telephone number (310) XXX- 9794.

7.      At all times relevant to this instant action, Plaintiff was the sole subscriber, owner,

2

possessor, and operator of her cellular telephone number ending in 9794.

8.    Defendant's representative, John Roberts ("John") sent Plaintiff a text accusing her of stealing furniture from Pampa.

9.    John also threatened to call the police on Plaintiff for theft.

10.    Plaintiff demanded that Defendant stop contacting her and direct all communications to her friend who charged back his half of the payment.

11.    John responded by demanding payment on the subject debt and offering to go after Plaintiff's friend if Plaintiff made a payment.

12.    Despite Plaintiff's request that Defendant stop contacting her, Defendant continued to place frequent harassing phone calls and text messages to Plaintiff's cellular phone.

13.    Additionally, John threatened Plaintiff with a lawsuit to "go after all [her] assets" and claimed she would be served at her place of employment if they could not serve her at home.

14.    At times, Defendant would even place phone calls and text messages to Plaintiff's cellular phone after 9 p.m.

15.    Defendant has mainly used the phone number (323) 836-9264 to place phone calls and text messages to Plaintiff's cellular phone, but upon information and belief, it may have use other phone numbers to contact Plaintiff without her consent.

### DAMAGES

16.    Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

17.    Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

18.    Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

3

19.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23.     Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

24.     The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25.     Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26.     Defendant's communications to Plaintiff were made in connection with the

4

collection of the subject debt.

27.     Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(4), e(5), e(7), e(10), and f through its unlawful debt collection practices.

### a. Violations of FDCPA §1692c

28.     Defendant violated §1692c(a)(1) when it continuously called and texted Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and acknowledging that Plaintiff did not want to receive phone calls or text messages, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

29.     Furthermore, the large volume of calls and text messages shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

30.     Defendant was notified by Plaintiff that its calls and text messages were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA §1692d

31.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls and text messages after Plaintiff put Defendant on notice that she wanted the calls and text messages to cease.

32.     Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

5

Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from February 2021 through the present day.

### c. Violations of FDCPA §1692e

33.    Defendant violated §1692e, e(4), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted Plaintiff after she made it clear that she did not want Defendant to call or text her. Moreover, Defendant's representative accused Plaintiff of a crime she did not commit and threatened to call the police if she did not make a payment on the subject debt. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment.

34.    Defendant violated §1692e(7) when Defendant made a false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. Specifically, Defendant texted Plaintiff multiple false implications including stating that: "A lawsuit will be filed very shortly and once I obtain a judgment we will go after all assets."

### d. Violations of FDCPA §1692f

35.    Defendant violated §1692f when it unfairly and unconscionably attempted to collect a debt by continuously calling Plaintiff after Plaintiff demanded that the calls and text messages cease. Placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. Additionally, Defendant engaged in unfair and unconscionable collection activity when its representative John made false accusations of theft and empty threats to contact the police. These means employed by Defendant only served to worry and confuse Plaintiff.

36.     Defendant had enough information to be aware that Plaintiff did not want to be contacted. Nevertheless, it persisted with its phone call campaign despite knowing that its conduct was inconvenient and harassing to Plaintiff.

37.     As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through false threats and incessant harassing phone calls.

38.     Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

39.     As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, TARYNE MOSLEY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

<u>COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT</u>

40.     Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

42.     The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43.     Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

**a   Violations of RFDCPA §1788.11(e)**

44.     The RFDCPA, pursuant to Cal. Civ. Code §1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute a harassment to the debtor under the circumstances."

45.     Defendant violated the RFDCPA when it continuously called and text messaged Plaintiff's cellular phone after she informed them that the calls and text messages were unwanted. This repeated behavior of systematically calling Plaintiff's phone despite her oral and written demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment on the subject debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her into submission.

46.     As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff TARYNE MOSLEY respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**


Date: April 16, 2021                                    Respectfully submitted,

                                                                   By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*